Moyer, C.J.,
dissenting.
{¶ 17} I respectfully dissent from the majority’s decision with respect to the sanction imposed on respondent. I would impose, instead, an indefinite suspension from the practice of law — the sanction to which the parties previously stipulated, before respondent withdrew his stipulation at the disciplinary hearing.
{¶ 18} Respondent represented the plaintiff in a personal-injury action that was eventually dismissed by the court before trial, largely as a result of respondent’s actions. He missed two discovery deadlines for providing medical reports to the defendant and intentionally failed to appear at the final pretrial hearing. At no time did respondent request a deadline extension. After the case was dismissed, respondent continued to meet with the client but failed to inform her of the dismissal. He also failed to notify the client as required that he did not carry malpractice insurance.
{¶ 19} In addition to the eight Disciplinary Rule violations respondent committed during the underlying case, he has three prior license suspensions, including one for neglect of entrusted legal matters and failure to keep clients informed, and two for not complying with attorney-registration requirements. Based on *182 respondent’s utter failure to properly represent his client and his history of ethical violations, I would suspend him from the practice of law indefinitely, allowing us to determine whether respondent should be readmitted upon a petition for reinstatement pursuant to Gov.Bar R. V(10)(E)(4). See Cincinnati Bar Assn. v. Sullivan (1992), 65 Ohio St.3d 293, 603 N.E.2d 983 (indefinitely suspending attorney for missing court deadlines and hearings, repeatedly failing to comply fully with court orders, and showing disrespect for the court, along with a prior public reprimand for ethical violations).
James P. Koerner, for relator.
Patrick D. Quinn, for respondent.
O’Connor and Cupp, JJ., concur in the foregoing opinion.